# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **Anthony H. Lett,** ) | **CASE NO. 1: 16 CV 2710** |
| ) | |
| **Plaintiff,** ) | **JUDGE PATRICIA A. GAUGHAN** |
| ) | |
| v. ) | |
| ) | <u>**Memorandum of Opinion and Order**</u> |
| **Theodore A. Makrinos,** ) | |
| ) | |
| ) | |
| **Defendant.** ) | |

*Pro se* plaintiff Anthony H. Lett, a federal pretrial detainee in custody at the Northeast Ohio Correctional Facility, has filed this civil rights action under 42 U.S.C. §1983 against Defendant Theodore A. Makrinos, an officer of the Berea Police Department. In his complaint, he alleges Officer Makrinos violated his constitutional rights by detaining and questioning him at a gun show in April 2016. Officer Makrinos allegedly detained and questioned him, and placed him in a makeshift holding cell for an hour and a half, after determining he did not have guns on him. During the plaintiff's detention, an outstanding arrest for his arrest was discovered, and he is currently awaiting trial on federal charges that were subsequently brought against him for being a felon in possession of a firearm. *See United States v. Lett*, 1: 16 CR 198 (N.D. Ohio).

The plaintiff alleges Officer Makrinos' action of placing him in the makeshift holding

cell until the discovery of the outstanding warrant violated his rights under the Fourth and Fourteenth Amendments to the Constitution, for which he seeks $200,000 in damages.

## Discussion and Analysis

Federal district courts are expressly required, pursuant to 28 U.S.C. §§1915(e)(2)(B) and 1915A, to screen all *in forma pauperis* actions and actions in which prisoners seeks redress from governmental employees, and to dismiss before service any such action that the Court determines is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010).

Upon review, the Court finds the plaintiff's action must be dismissed.

The Supreme Court has held that a damages claim under §1983 is not cognizable if a judgment on the merits of the claim would affect the validity of a conviction unless and until the conviction has been invalidated or set aside. *See Heck v. Humphrey*, 512 U.S. 477, 486 (1994); *Edwards v. Balisok*, 520 U.S. 641, 646 (1997). The Sixth Circuit has applied *Heck* to pretrial detainees and pre-conviction situations. *See, e.g., Gorenc v. City of Westland*, 72 F. App'x 336, 339 (6th Cir. 2003) ("*Heck* precludes §1983 claims relating to pending charges when a judgment in favor of the plaintiff would necessarily imply the invalidity of any conviction or sentence that might result from prosecution of the pending charges") (internal quotation omitted); *Adams v. Morris*, 90 F. App'x 856, 858 (6th Cir. 2004) (holding that a pretrial detainee's §1983 challenge to the effectiveness of his trial counsel while criminal proceedings were still pending was barred by *Heck*).

Plaintiff's federal criminal prosecution resulting from his detention and arrest is still

pending. Accordingly, his §1983 claim challenging the reasonableness of his detention leading to his arrest under the Fourth Amendment is barred by *Heck* unless and until the criminal charges against him are resolved in his favor. *See Shamaeizadeh v. Cunigan*, 182 F.3d 391, 398-99 (6th Cir.1999) (holding that, where an allegedly illegal search produced evidence used to obtain a conviction, the convicted cannot bring a §1983 claim challenging the search until the conviction is overturned), *overruled in other part, Wallace v. Kato*, 549 U.S. 384, 393 (2007) (recognizing that *Heck* bars the pursuit of a Fourth Amendment arrest claim until the conviction is overturned, but concluding that the action accrues at the time of the arrest).

## Conclusion

For the reasons stated above, the plaintiff's §1983 action fails to state a claim on which relief may be granted and is *sua sponte* dismissed pursuant to 28 U.S.C. §§1915(e)(2)(B) and 1915A. The Court certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

    /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 3/13/17